UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSA SLY
DEVONA HOLLINGSWORTH,

Case No. 8:17-cv-1868-T-AAS

Plaintiffs,

v.

SECRETARY, DEPARTMENT
OF VETERANS AFFAIRS,

Defendant.
_____/

## [PROPOSED] PRIVACY ACT PROTECTIVE ORDER

Based upon the parties' Second Joint Motion for Entry of an Order Pursuant to the Privacy Act, 5 U.S.C. § 552a(b)(11), and good cause having been shown for the issuance of a protective order pursuant to Rule 26(c), Fed. R. Civ. Pro., IT IS HEREBY ORDERED that the motion is granted as follows:

1. Plaintiffs Rosa Sly and Devona Hollingsworth bring this employment action pursuant to Title VII, 42 U.S.C. § 2000e-16(c), against the Secretary of the Department of Veterans Affairs. In this lawsuit, they allege race discrimination, retaliation, and a hostile work environment based on race and retaliation.

2. Plaintiffs have served written discovery on the defendant, seeking the following categories of documents:

    a. Documents relating to any proposed or issued disciplinary action taken against the manager identified in Document Request No. 17 (Second Set) and Document Request No. 1 (Third Set);

1

b.      Documents pertaining to EEO complaints alleging retaliation, race discrimination, or a hostile work environment based on those categories, filed against the manager identified in Document Request No. 10 (Second Set);

c.      Documents relating to any proposed or issued disciplinary action taken against the manager identified in Document Request No. 12 (Second Set); and

d.      Documents relating to any fact-findings, investigations or interviews conducted in the Business Office regarding allegations of harassment or a hostile work environment as referenced in Document Requests No. 14 and 15 (Second Set).

3.      The Privacy Act, 5 U.S.C. § 552a, protects information about current and former federal employees maintained in a system of records where information and documentation can be retrieved by an individual's name or other identifier, such as a social security number. As stated by the parties in their Joint Motion, some of the documents requested by plaintiffs are protected by the Privacy Act.

4.      Pursuant to 5 U.S.C. § 552a(b)(11), documentation and information protected by the Privacy Act can be released pursuant to a Court Order. Defendant is authorized to disclose to the plaintiffs documents responsive to the categories of documents identified in paragraph 2 above.

5.      The parties shall adhere to the following provisions of a Protective Order regarding the use of information and documentation protected by the Privacy Act:

a.      Any documents produced pursuant to this Protective Order shall be marked with the designation "Privacy Act Protective Order."

b.  The parties, including their counsel, legal assistants and support staff, shall not disclose documents or information about other federal employees to any other person except where such disclosure is reasonably necessary to the conduct of this litigation, which includes use at trial or deposition and disclosure to office staff, paralegals, and experts.

c.  The parties shall not attach copies of documents containing information regarding other federal employees to any pleading filed with the Court, nor to any deposition transcript, nor refer to the contents of such documents in any pleading, unless the records or information derived therefrom are sanitized by removing personal information consisting of social security numbers, birth dates, home addresses and home telephone numbers.

d.  Regarding documents relating to EEO complaints filed by other employees, the parties shall remove the name of the employee and use the employee's initials in place of the name for any such documents that are filed with the Court or attached as exhibits to depositions.

6.  The Court is not making any ruling on relevancy or the admissibility at trial of documents and information produced pursuant to this Protective Order.

Dated this 15th day of May, 2019

*Amanda Arnold Sansone*
UNITED STATES MAGISTRATE JUDGE