UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSA SLY and
DEVONA HOLLINGSWORTH,

    Plaintiffs,                        Case No. 8:17-cv-1868-T-AAS

    v.

SECRETARY, DEPARTMENT
OF VETERANS AFFAIRS,

    Defendant.
_____/

## REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to the Court's Order (Doc. 124), defendant, Secretary, Department of Veterans Affairs, files this reply to plaintiffs' response memorandum (Doc. 130).

### Argument

**I.   Plaintiffs' retaliation claim (Count I)**

    **A.   Babb does not shift the burden of proof or allow a mixed motive case**

Plaintiffs read Babb as shifting the burden of proof to the defendant and "inherently create[ing] a statutory mixed-motive case." Doc. 130, p. 9. That reading of Babb is incorrect for two reasons. First, the burden of proof in a claim founded on a statute only shifts when the statute says so. As the Court observed Gross v. FBL Fin. Servs., 557 U.S. 167 (2009), a case interpreting the private sector language of the ADEA, when the "statutory text is silent on the allocation of the burden of persuasion, we begin with the ordinary default rule that plaintiffs bear the risk of

1

failing to prove their claims." Id. at 177 (internal quotation omitted). The Babb decision dealt with the federal sector provision of the ADEA, 29 U.S.C. § 633a(a), and no language in that statutory provision shifts the burden of proof to the defendant to show that it would have made the same employment decision.

The statutory language of the federal sector provision of Title VII, 42 U.S.C. § 2000e-16(a), tracks the language of § 633a(a) in the ADEA, and there is no language in § 2000e-16 that shifts the burden of proof to the defendant. Indeed, when Congress amended Title VII in 1991, it modified the private sector provision and expressly shifted the burden of proof to the defendant when a plaintiff shows a protected trait was a motivating factor in an employment decision. In that case, the statute shifts the burden to the defendant to show that it would have made the same employment decision. If that showing is met, the plaintiff's remedies are limited. 42 U.S.C §§ 2000e-2(m) & 2000e-5(g)(2)(B). No such language is found in § 2000e-16.

In support of their argument that Babb shifts the burden of proof, plaintiffs cite to various cases interpreting the Constitution, including Mt. Healthy City School Dist. Bd. of Educ. v Doyle, 429 U.S. 274 (1977). In Mt. Healthy, the Supreme Court dealt with a case under the Constitution and set up an allocation of the burden of proof. But as stated in Gross, the burden-shifting framework of Mt. Healthy and other constitutional claims does not apply to statutory claims. 557 U.S. at 179, n.6. Contrary to plaintiffs' argument, Babb did not create a statutory mixed-motive case. Until Congress decides to amend 29 U.S.C. § 633a(a) or 42 U.S.C. § 2000e-16, the

2

default rule applies and the burden of proof remains with plaintiffs.[1]

Second, "but-for" and "mixed-motive" are different theories that "serve as alternative causation standards for proving discrimination." Quigg v. Thomas County School District, 814 F.3d 1227, 1235, n.4 (11th Cir. 2016). Where the statutory language requires "but-for" causation, a mixed-motive theory is unavailable. That was the outcome in Gross, which held that under the ADEA's private sector statutory text, a plaintiff must prove age was the "but-for" cause and the "mixed-motive," burden-shifting framework for Title VII discrimination claims does not apply. 557 U.S. at 173-78. See also Mora v. Jackson Memorial Foundation, Inc., 597 F.3d 1201, 1204 (11th Cir. 2010) ("Because an ADEA plaintiff must establish 'but for' causality, no 'same decision' affirmative defense can exist: the employer either acted 'because of' the plaintiff's age or it did not.").

While the federal sector provision of the ADEA and Title VII does not use the phrase "because of," it does use the phrase "based on," which the Supreme Court in Babb held requires "but-for" causation. Accordingly, as a matter of law, there is no mixed-motive causation theory available under either 29 U.S.C. § 633a(a) or 42 U.S.C. § 2000e-16(a). To repeat what the Supreme Court emphasized: "under §633a(a), age must be the but-for cause of *differential treatment*, not that age must be a but-for cause of *the ultimate decision*." Babb v. Wilkie, 140 S.Ct. 1168, 1174 (2020).

---

[1] Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), also cited by plaintiffs, was a Title VII case where a plurality of the Court found that the burden shifted to the defendant. That decision was overruled by the 1991 amendments to Title VII, which codified the same decision defense.

B.     **Plaintiffs' interpretation of but-for cause of differential treatment**

While plaintiffs acknowledge, as they must, that Babb requires "but-for cause of differential treatment," they nevertheless claim that defendant's emphasis on that causation standard "overstates the evidential basis needed to establish that a Title VII characteristic was the 'but-for' basis for 'differential treatment.'" Doc. 130, p. 10.

Plaintiffs cite to a broad range of evidence in an effort to show "but-for" causation. They repeatedly refer to a "history of retaliation" at Bay Pines, identifying other lawsuits at that facility dating back to 2009 and referencing management officials (Wallace Hopkins and Drs. Van Buskirk, Lin & Patel) who, as is clear from the record, had no involvement with this case. Doc. 130, p. 27-28. They also cite to Donna Griffin-Hall not filling positions in Sly's section, failing to repair machines in Release of Information, targeting both plaintiffs, criticizing them in front of colleagues, and constantly making changes to procedures. Id., p. 11. Amassing all of this evidence, plaintiffs make two points: 1) since none of the "historic retaliation" was ever addressed, it tainted the personnel decisions in this case, establishing "but-for cause of differential treatment"; and 2) all of this history, combined with the actions taken against plaintiffs growing in "number, variety and impact," would affect how a reasonable person would feel. Doc. 30, pp. 12, 27.

The decision in Babb, however, focused on the decision making process. As recently observed in Terrell v. McDonough, Case No. 8:20-cv-64-WFJ-AEP, 2021 WL 4502795, at *3 (M. D. Fla. Oct. 1, 2021), "[t]he applicable inquiry in this post-Babb case is whether Plaintiff has shown that the protected characteristic—race or

4

national origin—was the but-for cause of differential treatment in the decisional process, in addition to the ultimate decision not to promote." Here, plaintiffs define the decision making process that lead to Sly's two reprimands and fully successful rating, and Hollingsworth's removal, as reaching back years to include the "historic retaliation" at Bay Pines no matter how tenuously connected to the actual decisions in this case. That approach to showing "but-for cause of differential treatment" is far too broad and avoids plaintiffs' burden at summary judgment to offer specific, probative, and non-speculative evidence of "but-for" causation.

In this regard, Babb did not alter the need for a temporal connection between prior protected EEO activity and an adverse action. While relying on "historic retaliation," plaintiffs offer no evidence that the Bay Pines supervisors involved in other cases knew that plaintiffs had EEO activity or took any action against them; absent such evidence, there is no causal connection. Bradley v. DeJoy, Civ. Action 1:19-01064-KD-N, 2021 WL 3811262, at *8-9 (S.D. Ala. July 19, 2021) (in a post-Babb case, finding no causal nexus absent evidence of knowledge of EEO activity). The "historic" evidence offered by plaintiffs is analogous to actions and statements by non-decisionmakers, which is not probative and does not relate to the decisional process. Steger v. General Electric Co., 318 F.3d 1066, 1079 (11th Cir. 2003).

Furthermore, plaintiffs do not address that other employees had problems with Griffin-Hall. Within two months of Griffin-Hall arriving, Evelyn Roussos complained to Kris Brown. Exh. J, Griffin-Hall Decl. ¶¶ 3-4 & Decl. Exh. 1 (Doc. 65-19). Furthermore, in October 2014, Shaw-Hillman, Roussos and Sly wrote a letter

5

to the Secretary of the VA, voicing their concerns. Exh. E, Shaw-Hillman Depo. 123:4 to 125:4 (Doc. 65-13); Exh. A, Sly Depo. 201:10 to 203:20 & Depo. Exh. 25 (Docs. 65-1 & 65-4). In their original opposition, plaintiffs offered declarations from Roussos, Patricia Bowman, and Roxanne Bronner, which echo the concerns that Griffin-Hall was a micro-manager and did not let supervisors do their jobs. Docs. 71-2 & 71-14 (Pltfs. Exhs. A-1, A-2, Y & Z). Unlike the plaintiffs' history lesson about Bay Pines, this evidence pertains directly to the Business Office and Griffin-Hall, and it shows that multiple employees had problems with her management style. None of that evidence shows that race or EEO activity was a but-for cause of differential treatment.

Overall, plaintiffs fail to focus their evidence on the decision making process leading to the adverse actions in this case. After <u>Babb</u>, nothing they offer changes the result of the Court's summary judgment order as to plaintiffs' retaliation claim.

### C.     <u>Hollingsworth did not engage in protected activity prior to December 20, 2016</u>

Hollingsworth insists her complaint in November 2016 about how Sly was being treated could reasonably be interpreted as voicing opposition to discrimination. Doc. 130, pp. 34-35. That argument is contrary to deposition testimony where she acknowledged she did not raise race as part of her complaint. Exh. B, Hollingsworth Depo. 76:11-25; 94:22 to 95:20; 99:14 to 100:11 (Doc. 65-6). <u>Cole v. Board of Trustees of Northern Illinois University</u>, 838 F.3d 888, 901 (7th Cir. 2016) (complaining about discrimination without connecting it to a protected class is

insufficient.). Hollingsworth did not engage in protected EEO activity until her December 22, 2016 contact with an EEO counselor. Nothing in Babb changes that.

## II. Plaintiffs failed to establish a hostile work environment (Count II)

Plaintiffs discussion of their retaliatory hostile work environment claim after Monaghan tracks their retaliation claim, insisting that all of the historic facts at Bay Pines would have dissuaded a reasonable person from complaining. That argument has the same flaws as noted above, consisting of alleged facts and speculation lacking any connection to Release of Information. Despite the history of alleged retaliation at Bay Pines that is so central to their argument, plaintiffs also overlook that they were not deterred from complaining, and did so many times.

## Conclusion

For these reasons, the decision in Babb does not impact the Court's Order on summary judgment, which should be reaffirmed.

Dated: November 9, 2021

Respectfully submitted,

KARIN HOPPMANN
Acting United States Attorney

By: /s/ Scott H. Park
Assistant U. S. Attorney
USA No. 084
Julie R. Posteraro
Assistant U. S. Attorney
USA No. 157
400 W. Washington Street, Ste 3100
Orlando, Florida 32801
Phone: (407) 648-7500
Facsimile: (407) 648-7588
Email: julie.posteraro@usdoj.gov
Email: scott.park@usdoj.gov

7