## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROSA SLY
DEVONA HOLLINGSWORTH                     Case No.: 8:17-cv-1868-T-33-AAS
     Plaintiffs,

v.

ROBERT WILKIE, Secretary,
DEPARTMENT OF VETERANS AFFAIRS,
     Defendant.
_____/

### PLAINTIFFS' SURREPLY TO DEFENDANT'S REPLY DKT. 132

Plaintiffs, Rosa Sly and Devona Hollingsworth, by and through their undersigned attorneys hereby file their Surreply to Defendant's Reply (Dkt. 132).

**A.**   Defendant begins by relying on a private sector age discrimination case, *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167 (2009) to claim that the Supreme Court could not change what it said in *Gross,* which Defendant says means the plaintiff must always bear the burden of proof on the ultimate issue in an age discrimination case. However, the Supreme Court addressed this argument in its *Babb* decision and expressly rejected *Gross* by describing it as a statute "couched in very different terms", and "markedly different" than the federal employee statute which contains the critical language "made free from any" while observing that in the federal employee's statute the adjectival phrase 'based on age' modifies the noun 'discrimination'" not "personnel actions." *Babb v. Wilke,* 140 S. CT. 1168, 1174-76 2020); *Babb v. Sec'y*, 992 F.3d 1193, 1199 (11th Cir. 2021). Conversely in *Gross* the "because of" modified the ultimate employment

decision. *Id.* This critical recognition rendered inapplicable *Gross,* and *Texas Southwestern Medical Center v. Nassar*, 520 U.S. 338 (2013).[1]

Defendant's claim that *Mt. Healthy* can only be used in a constitutional case relies on *Gross* and ignores the Supreme Court saying *Mt. Healthy* and *Lesage* apply here! *Mt. Healthy* was applied to Title VII cases. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 248-250, (1989).[2] *Gross* is the Supreme Court analyzing the meaning of a statute. The endpoint has always been arrived at by an analysis of the statute, the respective wrongful conduct and nature of the case. Dkt.130p4-13; *Id.* p.9 and fn 7;Dkt.105 p1-9. In *Price Waterhouse* the court said (*Id.* at 250):

> [T]he employer is a wrongdoer, he has acted out of a motive that is declared illegitimate by the statute. It is fair that he bear the risk that the influence of legal and illegal motives cannot be separated, because he knowingly created the risk and because the risk was created not by innocent activity but by his own wrongdoing.

For the Plaintiffs a protected characteristic must be the but-for cause of *differential treatment*, not the *ultimate decision*. Full relief depends on Defendant either failing to establish it would have made the same decision in any event or simply not making that defense as has been done so far in this case.

---

[1] Further discussion of this point is in Plaintiffs' Reply on the Effect of *Babb v. Wilke,* Dkt.105p.1-9. Please also note *Babb v. Sec'y* did not find the *Babb* trial court's decision that the plaintiff could not show pretext resolved the full relief issue. The Defendant must establish the same decision defense. At every stage of the appellate process, the Secretary argued that the *Gross* case kept the but-for burden for the ultimate decision on the Plaintiff. After *Babb,* each time it was rejected. 140 S.Ct. at 1174-6; *Babb v. Sec'y* at 199. The Plaintiff's burden is to prove differential treatment played any role in the process of making decisions. *Lesage* and *Mt. Healthy* give the defendant a defense to avoid full relief. If the Defendant fails to establish that defense, the Plaintiff is deemed to have proved but-for causation of the ultimate decision. Dkt. 130 p.9 and fn 7.

[2] Defendant implies that Congress' statute in 1991 rejected *Price Waterhouse's* same decision defense. However, it codified the same decision defense and added attorney's fees and costs and made injunctive relief available for a plaintiff who loses on the same decision defense. In short Congress was trying to give employees more rights than *Price Waterhouse* did.

There are many types of mixed motive cases. Andrew Verstein, Jurisprudence of Mixed Motives, Vol. 127 Yale L.J. 106 (March 2018). In *Quigg v. Thomas Cnty Sch. Bd. Dist.,* 814 F.3d 1227, 1236 n.4 (11th Cir. 2016) the court addresses a mixed motive case where the protected characteristics liability is based on (motivating factor) could be different than that of the ultimate decision if the defense prevails on its same decision defense. The same dynamic exists here and in all employment cases because liability means playing "any role" in the decision making "process", and that could be different from the ultimate decision if the defense attempts to assert the same decision defense. Every time "but-for" is used in *Babb* it is in relation to differential treatment except when it comes to full relief, i.e., the ultimate decision, and there the Supreme Court relies upon *Mt. Healthy* and *Lesage.*[3]

**B.**    Despite *Tolan v. Cotton,* 572 U.S. 650, 656-57 (2014) Defendant asks the court to misconstrued Plaintiffs' description of the case. The RMSJ discusses each event in a detail lacking in Defendant's MSJ. Under FACTS, it discusses the process of making decisions by describing what DGH and Brown did (p21-24). It then discusses the evidence from which a jury can find the actions "based on" retaliation or discrimination (p24-36). Naturally that includes evidence, including historic evidence, of a scheme in which Brown was a central and continuing player because that, in

---

[3] Defendant cites *Terrell v. McDonough* Case No. 8:20 –cv–64-WFJ–AEP, 2021 Westlaw 450-2795, at*3 (MD October 1, 2021) as finding that the plaintiff must show the protected characteristic was the but-for cause of differential treatment and the ultimate decision not to promote. To the extent that this is cited as a backdoor way of suggesting that plaintiff must prove the ultimate decision, it is in direct conflict with *Babb v. Wilke* and *Babb v. Sec'y*. The appeal will address that error.

addition to nexus, can show retaliatory intent and help define the basis of actions. See case law discussed in the prior RMSJ in Dkt.71p1-5. That evidence is also relevant to whether actions taken against Sly and Hollingsworth were based on retaliation or discrimination. *Id.* It is also the context a reasonable employee in Plaintiffs' position would have to consider when deciding to complain or oppose managements' actions. Compare *Babb v. Sec'y, Burlington Northern* and the Eleventh Circuit's pattern jury instruction 4.22, even before *Babb v. Sec'y.*

In addition to the but-for cause of the differential treatment Plaintiffs rely on evidence supporting the court's rejection of Defendant's prior MSJ on the actions cited on page 5 of Defendant's Reply. Those actions are also part of the hostile work environment (HWE) which itself is a personnel action. Dkt.130p13-20. The temporal connection between EEO activity and adverse actions in this case helps show the basis for the temporal nexus already established and ignored by Defendant. The suggestion that Plaintiffs do not address other employees who had problems with Griffin-Hall ignores RMSJ Dkt.130p30-31.

**C.** Defendant does not address the RMSJ pp33-36.

For these reasons the MSJ should be denied.

Respectfully submitted,

*/s/  Joseph D. Magri*
Joseph D. Magri
Merkle & Magri, P.A.
Florida Bar No. 0814490
5601 Mariner Street, Suite 400
Tampa, FL 33609

4

Telephone: 813-281-9000
Facsimile: 813-281-2223
Email: jmagri@merklemagri.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 22, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Scott H. Park
Assistant United States Attorney
Julie R. Posterado
Assistant United States Attorney
Identifying No. USA 084
400 W. Washington, Street, Suite 3100
Orlando, FL 32801
Telephone: (407) 648-7543
Facsimile: (407) 648-7588
Email: Scott.Park@usdoj.gov
Email: Julie.Posterado@usdoj.gov

*/s/ Joseph D. Magri*
Joseph D. Magri